NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Argued March 26, 2007
Decided April 24, 2007

*Before*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*


No. 06-2809

| | |
|---|---|
| LONNIE L. JACKSON, | ] Appeal from the United |
| | ] States District Court for |
| *Plaintiff-Appellant,* | ] the Eastern District of |
| | ] Wisconsin |
| | ] |
| v. | ] No. 03 C 237 |
| | ] |
| | ] |
| RAYMOND EVERETT, CAPTAIN MICHAEL | ] |
| MACGILLIS, and DANIEL R. SLATTERY, | ] |
| | ] **William E. Callahan, Jr.,** |
| *Defendants-Appellees.* | ] *Magistrate Judge.* |


*O R D E R*

Lonnie Jackson filed an action in the district court alleging that while a pretrial detainee at the Milwaukee County Criminal Justice Facility (hereinafter, the "jail"), his right to procedural due process under the Fourteenth Amendment was violated when jail officials did not allow him to call witnesses at his disciplinary hearings, and that he is therefore entitled to compensation pursuant to

42 U.S.C. § 1983.  Jackson points to two disciplinary hearings in which he was denied the right to call witnesses pursuant to a blanket policy of the jail precluding inmates from calling witnesses in such hearings.  The government does not argue, nor could it successfully, that this particular blanket prohibition is consistent with the due process right to call witnesses.  *See Whitlock v. Johnson*, 153 F.3d 380, 388 (7th Cir. 1998); *Brown v. Braxton*, 373 F.3d 501, 507 (4th Cir. 2004).

But Jackson does not challenge the policy on its face, or seek injunctive or other relief preventing its use in the future.  Instead, this is an action for damages resulting from the application of this policy to Jackson's disciplinary hearings.  The problem with this claim is that the district court found that Jackson had no witnesses possessing relevant information whom he sought to call.  Jackson does not contest that determination on appeal, preferring instead in his 1½ page argument to this court, to argue that he need not show that any relevant witnesses were actually excluded from his hearing, because the blanket prohibition is itself constitutionally defective.

In *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003), we noted that "[i]nmates have a due process right to call witnesses at their disciplinary hearings when doing so would be consistent with institutional safety and correctional goals," *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974), "but there is no right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary, *Forbes v. Trigg*, 976 F.2d 308, 317-18 (7th Cir. 1992);" *see also Suprenant v. Rivas*, 424 F.3d 5, 18 (1st Cir. 2005) ("*Wolff* has long established the level of due process required before a pretrial detainee can be deprived of a liberty interest in a disciplinary hearing") and cases cited therein.  Because Jackson challenges the application of that policy to his hearing, and he cannot show that the policy operated to bar any relevant witnesses from testifying at his hearing, he has failed to demonstrate a deprivation of due process at his hearing, and is not entitled to damages under § 1983.  The decision of the district court is AFFIRMED.